# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

**NICHOLAS AARON WILSON,**

    Plaintiff,

vs.

**LEXISNEXIS RISK SOLUTIONS, INC.,**

    Defendant.

**Case No: 4:22-cv-00288-SRB**

**JURY TRIAL DEMAND**

## AMENDED COMPLAINT

COMES NOW Plaintiff Nicholas Aaron Wilson ("Plaintiff"), through counsel, and for Plaintiff's causes of action against Defendant states as follows:

1. This is an action for damages brought by an individual consumer against the Defendant LexisNexis for violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 et seq.

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.

3. Venue lies properly in this district under 28 U.S.C. §1391(b).

4. Plaintiff is a citizen of the State of Missouri.

5. LexisNexis is a Georgia corporation.

6. LexisNexis was and is engaged in the business of credit reporting, in the State of Missouri.

7. LexisNexis maintains a file on Plaintiff Nicholas Wilson, as that term is used in 15 U.S.C. § 1681a(g).

8. On March 15, 2021, Plaintiff accessed his LexisNexis Reports, Consumer

Number 25120555, case number 152601485.

9. In the March 15, 2021, report there were numerous entries relating to identity, insurance, property, and other aspects related to another Nicholas Wilson who appeared to live in Texas.

10. The Plaintiff Nicholas Aaron Wilson has never lived in Texas and is not related to or associated with this other individual with a similar name.

11. On May 17, 2021, Plaintiff notified LexisNexis of the merge via a dispute sent certified mail.

12. Plaintiff had attached a copy of his birth certificate, proof of residency, and current identification to his May 17, 2021 dispute to assist LexisNexis in its investigation and the removal of inaccurate information from Plaintiff's credit file.

13. LexisNexis received the May 17, 2021, dispute on May 26, 2021, at 5:09 a.m.

14. 15 U.S.C. 1681i required LexisNexis to respond to Plaintiff's dispute within thirty days.

15. Lexis did not respond to Plaintiff's dispute until August 3, 2021.

16. On August 3, 2021, LexisNexis sent Plaintiff a letter indicated that it had deleted a series of entries identified by LexisNexis case numbers.

17. On January 26, 2022, Plaintiff again accessed his LexisNexis Report.

18. Despite having disputed to LexisNexis and received indication that the merged person's information had been deleted, records pertaining to the other, purportedly Texas-based Nicholas Wilson still appeared on Plaintiff's LexisNexis report.

19. Despite having disputed to LexisNexis, LexisNexis allowed new information regarding the Texas-based Nicholas Wilson to appear, reappear, or be reinserted on Plaintiff's

LexisNexis report.

20. After the dispute, Plaintiff's creditors and potential creditors have accessed Plaintiff's reports while the misreporting was on the credit report and were misinformed by Defendants about Plaintiff's general and personal characteristics, and credit and/or risk worthiness.

21. Defendant LexisNexis maintains a list of the entities to whom it provided consumer reports pertaining to Plaintiff Nicholas Wilson.

22. In January 2022 that list included entities such as Discover Products, Inc., American Express; and State Farm.

23. The purposes for which reports were furnished by Defendant to the aforementioned entities include prescreening for credit and/or financing, accounts reviews, and insurance underwriting.

24. Plaintiff is informed and thereon believes that the inaccurate information was provided to the aforementioned entities as part of Plaintiff's LexisNexis consumer reports.

25. The aforementioned entities each used or obtained a consumer report on Plaintiff between January 2021 and January 2022.

26. The inaccurate information negatively reflects upon or misleads others as to the Plaintiff's personal and/or general characteristics, mode of living, Plaintiff's credit repayment history, and Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

27. Defendant has intruded upon Plaintiff's right to seclusion and invaded Plaintiff's privacy by reporting false information on Plaintiff's credit reports. This invasion forces Plaintiff to take efforts to correct their name.

# COUNT I
## Violations of the Fair Credit Reporting Act

Comes now Plaintiff and for Count I against Defendant LexisNexis and alleges to the Court:

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. Pertinent hereto, LexisNexis regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

30. Pertinent hereto, the Plaintiff Nicholas Aaron Wilson is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

31. Pertinent hereto, the above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used or expected to be used or collected in whole or in part to serve as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. 1681b.

32. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant LexisNexis is liable to the Plaintiff for willfully and negligently violating the requirements imposed on Defendant LexisNexis of information under 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

33. In addition, Plaintiff disputed the inaccuracy to Defendant LexisNexis.

34. Upon information and belief, the Credit Report Agency Defendants reported to the Defendant LexisNexis Risk Solutions, Inc. that Plaintiff disputed the charge-off, delinquency and false credit reporting.

35. Defendant LexisNexis failed to correct the inaccuracies and reverified to Plaintiff that the reporting was accurate.

36. In addition, Defendant LexisNexis failed to conduct a reasonable investigation within the timeframe provided for by 15 U.S.C. § 1681i; and/or failed to provide prompt notice of the results of its reinvestigation under that subsection within five days of the completion of its reinvestigation to Plaintiff by mail, or by other means if Plaintiff had authorized them.

37. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant LexisNexis is liable to the Plaintiff for willfully and negligently violating the requirements imposed on Defendant LexisNexis of information under 15 U.S.C. §1681i wherein the Defendant failed to use reasonable procedures to reinvestigate Plaintiff's disputes and, likewise, took inadequate action to correct Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

38. The conduct of Defendant LexisNexis was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff and Defendant LexisNexis is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

WHEREFORE, Plaintiff seek judgment in Plaintiff's favor and damages against Defendant LexisNexis based on the following requested relief:

5

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o; and

e. Such other and further relief as may be necessary, just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

*Respectfully submitted*,

By: /s/ Matthew Robertson
Matthew Robertson   #70442
A.J. Stecklein         #46663
Michael Rapp          #66688
Sam Miller            #72939
Stecklein & Rapp Chartered
748 Ann Avenue, Suite 101
Kansas City, KS 66101
Telephone:   (913) 371-0727
Facsimile:   (913) 371-0727
Email:  msr@kcconsumerlawyer.com
        aj@kcconsumerlawyer.com
        mr@kcconsumerlawyer.com
        sm@kcconsumerlawyer.com
**Attorneys for Plaintiff**